ARTHUR FREILITZSCH, PROSECUTOR, v. BOARD OF EDU-
CATION OF THE CITY OF BAYONNE, A MUNICIPAL
CORPORATION OF THE STATE OF NEW JERSEY, RE-
SPONDENT.

Argued October term, 1928—Decided December 6, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Charles Rubenstein.*

For the respondent, *James Benny,* city counsel.

PER CURIAM.

The board of education of the city of Bayonne appointed
the prosecutor herein as chauffeur to its superintendent of
schools at a salary of $2,100 per year beginning May 24th,
1926. On May 19th, 1927, the board of education, by reso-
lution, terminated the prosecutor's employment as of May
23d, 1927.

The prosecutor appealed to the commissioner of education
and to the state board of education, and thereafter was granted
this writ to review the resolution terminating his employment.

His claim is that being an honorably discharged veteran of
the World War at the time of his appointment he was pro-

tected from removal from his employment by virtue of the Soldiers' and Sailors' Tenure of Office act, commonly referred to as The Veteran act.

The respondent contends that The Veteran act as amended did not at the time of the prosecutor's appointment, or at any time since that period, include employes of boards of education.

The original act (*Pamph. L.* 1907, *p.* 37) did not include employes of boards of education, nor did the amendment thereto. *Pamph. L.* 1919, *p.* 289.

In 1922 (*Pamph. L.* 1922, *p.* 395) the amendment of 1919 was amended to include within its scope "any person now holding a position or office under any board of education of this state."

In 1926 (*Pamph. L.* 1926, *p.* 477) an act was passed omitting mention of employes of boards of education, and including within its protection, *inter alia,* members of the New Jersey state militia who had served in the World War, and who had received honorable discharges.

The 1926 enactment was entitled· "An amendment to an act to amend an act entitled 'An act regarding soldiers, sailors and marines honorably discharged from the United States service,' approved March 27th, 1907."

Section 1 of the act provided: "Section 1 of an act entitled 'An act regarding soldiers, sailors and marines honorably discharged from the United States service, approved March twenty-seventh, one thousand nine hundred and seven, and amended April eleventh, one thousand nine hundred and nineteen,' is hereby amended," &c.

The prosecutor contends that the object of the act was to amend the act of 1919; but we observe that that intention was not expressed or embraced in the title, and therefore the argument violates the constitutional inhibition that every law shall embrace but one object, and that shall be expressed in the title.

The objection thus raised to the title of the act would have been met by adding at the end of the title the words "which said amendment was approved April 11th, 1919."

In *Moore* v. *Burdett,* 62 *N. J. L.* 163, it was held that the date of the passage or approval of an act need not be inserted in the title of a repealing act.

The rule of law governing this subject is contained in the following statement from a recognized authority: "The general rule is that where an act is amendatory or supplemental of a former act, if the subject of the original act is sufficiently expressed in its title and the provisions of the amendatory or supplemental act are germane to that subject, it is sufficient that the title of the amendatory or supplemental act contains a specific reference to the original by its title and declares the act to be an amendment or supplement to the original act." 25 *R. C. L.* 869.

So it has been held in this state that it is enough if the title is so phrased as to give sufficient notice to the legislature and the public as reasonably to lead to an inquiry into the body of the bill to ascertain what changes are proposed in the existing law." *Schmalz* v. *Wooley,* 57 *N. J. Eq.* 303.

In pursuance of the argument of the prosecutor we have considered his contention that the act does not comply with the constitutional provisions as to the entitling of acts, and in the reasons so urged by him we find no merit.

The next contention advanced by the prosecutor is that the acts of 1922 and 1926 are independent and cumulative on the subject. While this may be conceded for the purposes of argument, it is a general rule of statutory construction that when a later inedependent statute deals generally and fully with the subject-matter of an earlier statute it affords decided evidence of a legislative intent to abrogate and repeal the older legislation. *Haynes* v. *Cape May,* 52 *N. J. L.* 180; *Roche* v. *Jersey City,* 40 *Id.* 257; *DeGinther* v. *New Jersey Home, &c.,* 58 *Id.* 354.

The acts of 1922 and 1926 are both, in effect, amendments of the original act of 1907, and manifestly the later amendment must prevail.

In view of these conclusions regarding the construction of this legislation we find it unnecessary to consider the question of the character of the relator's employment, as to

whether it was an office or a position, and the term of the employment, as discussed in the briefs.

The result of our consideration of the question presented is that the writ of *certiorari* should be dismissed.